IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBAYDULLAH<br><br>*Petitioner,*<br><br>v.<br><br>GEORGE W. BUSH, et al.<br><br>*Respondents.* | Civil Action No. 08-cv-1173 (RJL) |

**NOTICE OF SUBSEQUENT AUTHORITY**

Petitioner Obaydullah respectfully calls the Court's attention to the order of the United States Court of Appeals for the District of Columbia Circuit reinstating the decisions of the Court of Appeals in *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007) (*Bismullah I*) and *Bismullah v. Gates*, 503 F.3d 137 (D.C. Cir. 2007) (*Bismullah II*). See *Bismullah v. Gates*, No. 06-cv-1197 (Aug. 22, 2008). This order is relevant to the issue of the Government's discovery obligations, which were discussed in the briefs filed in response to the Court's July 30, 2008 Order and in the hearing on August 21, 2008.

The Court of Appeals' order in *Bismullah* confirms the Government's obligation to preserve and produce all information in its possession in a proceeding under the Detainee Treatment Act of 2005 (DTA), Pub. L. No. 109-148, § 1005(e)(2), 119 Stat. 2742-43 (Dec. 30, 2005). See *Bismullah I*, 501 F.3d at 192 ("We conclude the record on review consists of the Government Information, that is, all 'reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant.'"). Both the Supreme Court and the D.C. Circuit have recognized that the DTA involves *less* searching review than is required on habeas. See *Boumediene v. Bush*,

128 S. Ct. 2229, 2266 (2008) ("[T]he procedures adopted [in the DTA] cannot be as extensive or as protective of the rights of the detainees as they would be in § 2241 proceedings."); *Parhat v. Gates*, No. 06-1397, 2008 WL 2576977, at *15 (D.C. Cir. June 20, 2008) ("The habeas proceeding will have procedures that are more protective of Parhat's rights than those available under the DTA."). Accordingly, in the context of the *more* rigorous habeas review, the Court should order the Government to search for and produce all exculpatory information—if not all information—that is "reasonably available" to the Government and that bears on the Petitioner's detention.

Respectfully submitted,

_____
Richard A. Grigg
*Appearing Pursuant to L. Cv. R. 83.2(g).*

SPIVEY & GRIGG, L.L.P.
48 East Avenue
Austin, Texas 78701
Tel: (512) 474-6061
Fax: (512) 474-1605

Shayana D. Kadidal
D.C. Bar No. 454248
Gitanjali S. Gutierrez
*Appearing Pursuant to L. Cv. R. 83.2(g).*
Pardiss Kebriaei
*Appearing Pursuant to L. Cv. R. 83.2(g).*

CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6485
Fax: (212) 614-6499

Attorneys for Petitioners

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Subsequent Authority was served upon the following on August 27, 2008, via e-filing as follows:

Judry L. Subar (D.C. Bar No. 347518)
James J. Schwartz (D.C. Bar No. 468625)
Scott Marconda
Terry M. Henry
Andrew I. Warden
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
Room 7342
20 Massachusetts Ave., N.W.
Washington, DC  20530
O:  202-514-3969

*Attorneys for Respondents*

_____
Richard A. Grigg