**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOUMEDIENE v. BUSH | Civil Case No. 04-1166 (RJL) |
| SLITI v. BUSH | Civil Case No. 05-0429 (RJL) |
| KABIR v. BUSH | Civil Case No. 05-0431 (RJL) |
| MAMMAR v. BUSH | Civil Case No. 05-0573 (RJL) |
| AL-KHAIY v. BUSH | Civil Case No. 05-1239 (RJL) |
| AL GINCO v. BUSH | Civil Case No. 05-1310 (RJL) |
| AL BIHANI v. BUSH | Civil Case No. 05-1312 (RJL) |
| GHAZY v. BUSH | Civil Case No. 05-2223 (RJL) |
| RUMI v. BUSH | Civil Case No. 06-0619 (RJL) |
| OBAYDULLAH v. BUSH | Civil Case No. 08-1173 (RJL) |

**SUPPLEMENTAL BRIEF ADDRESSING THE APPLICABILITY OF
*BISMULLAH V. GATES***

Petitioners in the above-captioned cases submit this supplemental brief in response to the Court's Briefing Order, issued on August 28, 2008.

On Friday, August 22, 2008, the D.C. Circuit reinstated two of its decisions that are of immediate relevance to the issue of the Government's discovery obligations, which were discussed in the briefs filed in response to the Court's July 30, 2008 Order and in the hearing on August 21, 2008: *Bismullah v. Gates*, 501 F.3d 178 (D.C. Cir. 2007) ("*Bismullah I*"), and *Bismullah v. Gates*, 503 F.3d 137 (D.C. Cir. 2007) ("*Bismullah II*"). *See* Order, *Bismullah v.*

*Gates*, No. 06-1197 (D.C. Cir. Aug. 22, 2008). The D.C. Circuit's recent order in *Bismullah* is immediately effective and the two decisions are now binding authority in this Circuit.[1]

As relevant here, *Bismullah I* held that the government must produce the "Government Information," or, in other words, all "reasonably available information in the possession of the U.S. Government bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant" to counsel for Bismullah. *Bismullah I*, 501 F.3d at 185-186; *see also Bismullah II*, 503 F.3d at 138-139. Given the suspicions by counsel for Bismullah that the government had withheld exculpatory evidence, the *Bismullah* panel held that "[t]here is simply no other way for counsel to present an argument" that evidence had been withheld than to require the production of the Government Information. *Bismullah I*, 501 F.3d at 185. Further, it would be impossible to determine "whether a preponderance of evidence supports the [CSRT's] status determination without seeing all the evidence, any more than one can tell whether a fraction is less than one half by looking only at the numerator and not at the denominator." *Id.* at 186.

This Court has similarly decided that the government must establish the lawfulness of each petitioner's detention by a preponderance of the evidence. *See* Case Management Order,

---

[1] The issuance of a mandate is not necessary for the *Bismullah* Order to become effective. A mandate will only issue once appellate jurisdiction is at an end. *See Northern California Power Agency v. Nuclear Regulatory Comm'n*, 393 F.3d 223, 224 (D.C. Cir. 2004). Because the *Bismullah* decisions are interlocutory rulings defining the "Government Information" that must be provided under the DTA, and not final judgments in the case, the D.C. Circuit retains jurisdiction. Accordingly, the government's argument that the *Bismullah* was "wrongly decided" and has "been vacated by the Supreme Court" (Government's Brief Regarding Preliminary And Procedural Framework Issues at 26 (filed Aug. 12, 2008)), no longer has force. And regardless of whether the Government petitions for rehearing or for certiorari, the *Bismullah* decisions are binding on this Court unless and until vacated or modified. *See Ranger Cellular v. F.C.C*, 348 F.3d 1044, 1049-50 (D.C. Cir. 2003) ("Once a panel of this court has decided a matter, subsequent panels are bound by that decision unless and until it is changed by the court en banc.") (citing *People's Mojahedin Org. of Iran v. Dep't of State*, 327 F.3d 1238, 1244 (D.C. Cir. 2003)).

dated August 27, 2008, at 3.[2] In addition, with respect to the *Boumediene* petitioners, as well as others, the government has yet to commit to produce numerous documents of clear relevance to this case, and that may well contain exculpatory evidence. *E.g.*, Petitioners' Joint Reply Memorandum Regarding Habeas Procedures, filed August 19, 2008 ("Petitioners' Joint Reply"), at 16, and Exhibits A and B attached thereto. Without this exculpatory evidence, the government can effectively place its thumb on the scale by producing only evidence that it believes contributes to meeting its burden of proof without allowing petitioners' counsel even the opportunity to determine whether the withheld information may rebut the government's allegations. Put another way, the Government has almost complete control over the "denominator" in this case, into which (under a preponderance standard) the Court will divide the "numerator" of the Government's return.

The government should not be heard to argue that production of the Government Information is burdensome, for three reasons. *First*, the CSRT procedures promulgated in July 2004 by the Secretary of the Navy authorized the Tribunal to collect the Government Information, in preparation for the CSRT hearings that were held for every one of the above-captioned petitioners. *See Bismullah I*, 501 F.3d at 181. *Second*, information "comes within the definition of Government Information only if it is 'reasonably available'"; the government need not produce *all* information. *Bismullah II*, 503 F.3d at 141. *Finally*, the habeas petitioners before this Court have not even requested production of the entirety of the Government

---

[2] Petitioners continue to maintain that the Government may not justify detention on less than clear and convincing evidence, given that this is not a monetary dispute between private parties but a challenge to the Government's authority to hold prisoners in military detention for the rest of their lives. *See* Petitioners' Joint Opening Memorandum Regarding Habeas Procedures, filed August 12, 2008, at 16-19. In any event, Petitioners' argument would hold with even greater force under a clear and convincing evidence standard.

3

Information, but "only that the Government be ordered to *review* it and produce any exculpatory information contained therein." *See* Petitioners' Joint Reply at 15.[3]

The low burden on the government and high degree of relevance are illustrated by *Ginco v. Bush*, CV 05-1310, where the government just finished a do-over CSRT that lasted almost a year. The government gathered information, but failed to include in the record all available exculpatory reports. From the documents in the possession of Mr. Ginco's counsel that were submitted to the CSRT panel, it is clear that there must be extensive reports in the government's possession that demonstrate that Mr. Ginco initiated contact with United States law enforcement to report human rights violations in the Taliban's prisons, that the initial belief that Mr. Ginco was a terrorist was early and completely debunked as being based on a video resulting from Taliban torture, that he had been subjected to systematic and brutal torture and illegal imprisonment by the Taliban and al Qaida for over 20 months prior to his liberation, and that he suffers from Torture Syndrome, an aggravated form of Post Traumatic Stress Disorder, that provides necessary context to responses to interrogation and incarceration at Guantanamo. Although the CSRT included some exculpatory material, many exculpatory documents were neither included in the CSRT record nor provided to counsel. The government should be required to produce all exculpatory evidence in the Government Information that is not included in the CSRT record.

While the *Bismullah* decisions were issued in the context of DTA proceedings before the D.C. Circuit, that court as well as the Supreme Court have both held that the procedural

---

[3] Exculpatory information includes not simply documents or information that directly refute the government's contention but also, for example, statements within the Government Information that are inconsistent with one another, information that provides a context to determine whether a given statement is or is not an isolated one, or information to determine whether a given informant has provided allegedly inculpatory information with the hope or expectation of receiving something in exchange.

protections of habeas corpus are *stronger* than under the DTA.  *See Boumediene v. Bush*, 128 S. Ct. 2229, 2266 (2008) ("[T]he procedures adopted [in the DTA] cannot be as extensive or as protective of the rights of the detainees as they would be in a § 2241 proceedings."); *Parhat v. Gates*, 532 F.3d 834, 851 (D.C. Cir. 2008) ("The habeas proceeding will have procedures that are more protective of Parhat's rights than those available under the DTA.").  It follows that the government's discovery obligations in the habeas corpus context must be at least as extensive as those ordered by the D.C. Circuit for DTA petitioners, many of whom are actively pursuing their petitions.[4]  Accordingly, the Court should at the very least order the Government to collect and review the "Government Information" and produce any exculpatory evidence therein.

## CONCLUSION

In light of the reinstatement of *Bismullah I* and *Bismullah II* by the D.C. Circuit, petitioners respectfully request that the government be ordered to review the reasonably available information in its possession bearing on the issue of whether the detainee meets the criteria to be designated as an enemy combatant, and to produce all potentially exculpatory information therein.

                                                    Respectfully submitted,

| | |
|---|---|
| /s/ Richard A. Grigg | /s/ Allyson J. Portney |
| Richard A. Grigg | Stephen H. Oleskey (*admitted pro hac vice*) |
| Spivey & Grigg | Robert C. Kirsch (*admitted pro hac vice*) |
| 48 East Avenue | Mark C. Fleming (*admitted pro hac vice*) |
| Austin, TX 78701 | Gregory P. Teran (*admitted pro hac vice*) |
| (512) 474-6061 | Allyson J. Portney (*admitted pro hac vice* ) |
| | Wilmer Cutler Pickering Hale and Dorr LLP |

---

[4] While some (but not all) Petitioners with both habeas and DTA petitions pending have agreed to hold their DTA petitions in abeyance, they have done so without prejudice to further proceedings in the DTA cases should circumstances warrant. *E.g.*, Petitioners' Response to the Government's Motions to Hold in Abeyance or, in the Alternative, to Dismiss Without Prejudice (D.C. Cir. Case Nos. 07-1157, 07-1160, 07-1161, 07-1167, 07-1170, 07-1171), filed August 5, 2008, at 4.

*Counsel for Petitioner Obaydullah in No. 08-1173*

/s/ Ramzi Kassem
Ramzi Kassem
Michael J. Wishnie
  *Supervising Attorneys*
Jennifer Hojaiban
Brian K. Mahanna
Joseph A. Pace
  *Law Student Interns*
Allard K. Lowenstein International Human Rights Clinic
National Litigation Project
Yale Law School
127 Wall Street
New Haven, CT 06511
(203) 432-0138

*Counsel for Petitioner Ameur in No. 05-573*

/s/ Billy H. Nolas
Billy H. Nolas, Assistant Federal Defender (*admitted*)
Maureen Rowley, Chief Federal Defender
Matthew Lawry
Shawn Nolan
Mark Wilson
Brett Sweitzer
Assistant Federal Defenders
Federal Community Defender Office for The Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
 (215) 928-0520
*Counsel for Petitioner Rumi* in No. 06-619

/s/ Stephen R. Sady
Stephen R. Sady
Chief Deputy Federal Public Defender
101 SW Main Street  Suite 1700
Portland, Oregon  97204
503-326-2123

*Counsel for Petitioner Al Ginco in No. 05-1310*

60 State Street
 Boston, MA  02109
(617) 526-6000

Seth P. Waxman (*admitted*)
Paul Wolfson (*admitted)*
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6800

Douglas F. Curtis *(admitted)*
Paul M. Winke (*admitted pro hac vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

*Counsel for Petitioners Boumediene, et al., in No. 04-1166*

/s/ Julia C. Symon
Julia C. Symon (DC Bar No. 456828)
Clifford Chance US LLP
2001 K Street NW
Washington, DC  20006
(202) 912-5000

James M. Hosking
Clifford Chance US LLP
31 West 52nd Street
New York, NY 10019
(212) 878-8000

*Counsel for Petitioners Ghazy*, *et al. in No. 05-2223*

/s/ Zachary Katznelson
Zachary Katznelson
Reprieve
PO Box 52742
London EC4P 4WS
United Kingdom
011 44 207 353 4640

*Counsel for Petitioners Sliti et al. in No. 05-429 and Petitioner Al Shurafa in No. 05-431*

/s/ Shereen J. Charlick
Shereen J. Charlick
Steven F. Hubachek
Ellis M. Johnston, III
Stephen D. Demik
Federal Defenders of San Diego, Inc.
225 Broadway, Suite 900
San Diego, California 92101-5008
(619) 234-8467

*Counsel for Petitioner Al Bihani in No. 05-1312*

/s/ Brian Mendelsohn
Brian Mendelsohn (Pursuant to LcvR 83.2)
Matthew Dodge
Federal Defender Program, Inc.
Suite 1700, The Equitable Building
100 Peachtree Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530

*Counsel for Petitioner Al-Khaiy in No. 05-1239*

September 3, 2008

## CERTIFICATE OF SERVICE

I, Allyson Portney, hereby certify that on September 3, 2008 I electronically filed and served the foregoing **Supplemental Brief Addressing Applicability Of The D.C. Circuit's** *Bismullah* **Decisions**.

/s/ Allyson Portney_____
Allyson Portney