UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OBAYDULLAH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Case No. 08-01173 (RJL) |
| | ) |
| BARACK H. OBAMA, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**FILED**
JAN 30 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**MEMORANDUM ORDER**
(January 30, 2013) [# 138]

On February 8, 2012, petitioner Obaydulluh filed a motion for relief from this Court's March 24, 2011 order denying his motion for reconsideration. Pet'r's Mot. for Relief Pursuant to R. 60(b)(2) ("Pet'r's Mot.") [Dkt. # 138] at 1. Under Federal Rule of Civil Procedure 60(b)(2), a court may award a party relief from a final judgment or order in light of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ."[1] To receive relief from an order under Rule 60(b)(2), the petitioner must demonstrate that "(1) the newly discovered evidence is of facts that existed at the time of the trial or merits proceeding; (2) the party seeking relief was 'justifiably ignorant of the evidence despite due diligence'; (3) the evidence is admissible and is 'of such importance that it probably would have changed the outcome'; and (4) the evidence is not merely cumulative or impeaching." *Almerfedi v. Obama*, No. 1:05CV1645 (PLF), 2012 WL 5508383, at *2

---

[1] Rule 59(b) permits a party to file a motion for a new trial no later than 28 days after the entry of judgment. Fed R. Civ. P. 59(b).

1

(D.D.C. Oct. 26, 2012) (quoting *Duckworth v. United States*, 808 F. Supp. 2d 210, 216 (D.D.C. 2011)).

In his motion, petitioner states that his military defense counsel recently learned from unnamed witnesses that the dried blood in petitioner's car—originally attributed to transporting wounded al Qaeda members after a bomb explosion—was instead the product of his wife's childbirth several days prior to petitioner's detention. Pet'r's Mot. at 4-5. Also, petitioner cites a second-hand report indicating that an unidentified witness previously misrepresented having "seen" petitioner transporting the wounded al Qaeda members; instead, the witness may have inferred that petitioner transported these members after seeing the blood in petitioner's car. *Id.* at 6-7 (citing Decl. of Richard Pandis ¶ 14). Petitioner also cites other unidentified witness reports alleging, *inter alia*, that petitioner was forced to attend Taliban training; that a Soviet commander left mines on petitioner's property; that petitioner's house was further from the mines than originally reported; and that two unidentified men from petitioner's village had sold false information to Americans. Pet'r's Mot. at 6-8.

Unfortunately, for petitioner, his motion does not present this Court with "newly discovered evidence" warranting relief under Rule 60(b)(2). Much of this evidence is not new at all—simply a rehash of evidence that I already considered and dismissed when denying his petition. *See, e.g.*, Mem. Order, Oct. 19, 2010, at 9-10 [Dkt. # 103] (reviewing petitioner's inconsistent explanations of how mines arrived on his property, including the explanation involving the Soviet commander); *id.* at 9 (discussing petitioner's claim that he had been forced to attend Taliban training). Even if this

2

evidence were new, however, it is wholly unlikely to have changed the outcome of the petition. Petitioner's evidence consists of unidentified witness reports, some second- or third-hand, pertaining to events that occurred almost a decade earlier. These reports, even if true, do not undercut the other substantial and reliable evidence against petitioner. He was captured in possession of a notebook containing instructions on how to detonate remote-controlled explosives. *Id.* at 8. He had 23 anti-tank mines and seven plastic mine shells hiding on his property. *Id.* at 9-10. His car contained pro-Taliban propaganda. *Id.* at 12. And he had a long-standing personal and business relationship with at least one al Qaeda operative. *Id.* at 13; *see generally Bostan v. Obama*, 821 F. Supp. 2d 80 (D.D.C. 2011). Most importantly, petitioner has repeatedly changed his story about the origin of the mines, the nature of the notebook, and the relationship to the al Qaeda operative. Mem. Order. at 10-13. Taken together, this evidence clearly supports detention—and unnamed witness reports discussing other evidence that is now many years old does not overcome it. Put simply, petitioner cannot make a silk purse out of a sow's ear!

For all of the foregoing reasons, it is hereby

**ORDERED** that Petitioner's Motion for Relief Pursuant to Rule 60(b)(2) [# 138] is **DENIED**.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge

3